UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERICK D'ANDRE SMITH, JR.,

    Plaintiff,

v.                                         Case No. 3:22cv8550-LC-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Erick D'andre Smith, Jr., a pretrial detainee proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 complaining of the conditions of his confinement at the Escambia County Jail. ECF Doc. 1. Plaintiff's complaint was not accompanied by a motion to proceed *in forma pauperis* or the full filing fee. On June 23, 2022, the Court directed Plaintiff to cure this deficiency within twenty-one (21) days. ECF Doc. 3. Shortly thereafter, the Court's June 23 Order was returned as undeliverable. The clerk reviewed the Jail's website and determined Plaintiff had been released. The clerk also reviewed the Florida Department of Corrections' website and determined Plaintiff had been transferred to Bay Correctional Facility ("BCF"). ECF Doc. 4. Thus, as a matter of

courtesy, the June 23 Order was remailed on July 5, to the BCF address.[1] Plaintiff, nonetheless, did not cure the deficiency. Plaintiff also did not notify the Court of a change in his address.

On August 1, 2022, the Court issued a show cause order to Plaintiff, giving him another fourteen (14) days to cure the deficiency before the Court recommends his case for dismissal. ECF Doc. 5. Plaintiff was once again instructed he must also file a notice of change of address. *Id.* The Court directed the clerk to send the show cause order to the Jail and to BCF. *Id*. Plaintiff did not respond to the show cause order and his time for doing so has passed. Thus, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with an order of the Court, and failure to keep the Court apprised of his address.

A district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise

---

[1] The Notice to Pro Se Litigant tells the prisoner it is his obligation to update his address with the clerk. ECF Doc. 2. The Court also reminded Plaintiff of this obligation in the Court's initial deficiency order. ECF Doc. 3.

Case No. 3:22cv8550-LC-HTC

opposing counsel virtually since the commencement of his case"). Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute as Plaintiff has not filed anything with the Court in over two (2) months. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute the claim, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is ORDERED:

The clerk shall send a copy of this report and recommendation, as a matter of courtesy only, to Plaintiff at Bay Correctional Facility, Y70319, 5400 Bayline Drive, Panama City, Florida 32404-5492. The clerk shall not update Plaintiff's address on the docket until the clerk receives a written notice of change of address from the Plaintiff.

It is also respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, and failure to keep the Court apprised of his address.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of August, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.